IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JOHNNY PAUL MURRAY, | : | |
| Plaintiff | : | |
| vs. | : | |
| Sheriff IRA EDWARDS, *et al.*, | : | NO. 3:11-CV-18 (CAR) |
| Defendants | : | **O R D E R** |

Plaintiff **JOHNNY PAUL MURRAY** has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous order, plaintiff has supplemented his complaint (Tab # 14) and submitted a certified copy of his prison trust fund account statement (Tab # 13).

As plaintiff has only $.59 in his account, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* (Tab # 2) and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). The Clerk of Court is directed to send a copy of this order to the business manager of the Athens-Clarke County Jail.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint

that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir.

2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## *II. BACKGROUND*

Plaintiff alleges that on March 30, 2010, he was riding in the back of a transport van driven by Deputy Stevens, which was hit from the rear. As a result of the collision, plaintiff allegedly suffered injuries to his back. Plaintiff complains that Deputy Stevens refused to call an ambulance to the scene and instead returned plaintiff and the other inmates to the Clarke County Jail. Once there, plaintiff asked Sergeant Johnson for "attention," but Johnson "waved [plaintiff] off." Plaintiff then spoke to Corporal Johnson, who suggested that plaintiff see Sergeant Little. Sergeant Little, in turn, had a duty nurse examine plaintiff. The nurse gave plaintiff Naproxen, but refused to call an ambulance. Plaintiff sought medical treatment a couple of days later when his back pain would not subside. A nurse practitioner gave plaintiff "more pain medication." Plaintiff complains that he was not sent for an MRI until July 7, 2010. Plaintiff had a second MRI after his release from jail on October 1, 2010. Plaintiff states that the second MRI showed that he suffered a lumbrosacral strain, for which he was prescribed more pain medication.

Besides Deputy Stevens, Corporal Johnson, Sergeant Johnson, and Sergeant Little, plaintiff names as defendants Sheriff Ira Edwards, Jr. and the Athens-Clarke County Sheriff's Department.

Plaintiff seeks damages.

## *III. DISCUSSION*

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction

of pain'. . . proscribed by the Eighth Amendment." To show that a prison official acted with deliberate indifference, a plaintiff must demonstrate: "(1) a serious medical need; (2) defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.* 588 F.3d 1291, 1306-07 (11th Cir. 2009). "Deliberate indifference" has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

A prisoner's mere allegation of improper or untimely treatment, without more, states at most a claim for medical malpractice cognizable under state law. *Id; see also Howell v. Evans*, 922 F.2d 712, 723 (11th Cir.), *vacated as moot*, 931 F.2d 711 (1991), *reinstated by unpublished order, sub. nom Howell v. Burden*, 12 F.3d 190, 191 n.\* (1994).

The Supreme Court's decision in *Estelle* involved an alleged failure to treat a lower back injury. In *Estelle*, the Supreme Court held that medical decisions, such as whether to order x-rays or other tests, do not rise to the level of cruel and unusual punishment, but may, at most, support a claim for medical malpractice. *Estelle*, 429 U.S. at 107.

Even assuming plaintiff's condition in the instant case is a serious medical need, plaintiff has similarly failed to allege deliberate indifference on the part of jail officials. Plaintiff received medical treatment shortly after the accident. Although he complains about the delay in receiving an MRI, the timing of this test would appear to constitute an exercise of medical judgment. Perhaps more significantly, the treatment plaintiff received in jail, an anti-inflammatory and pain medication, is the same treatment as plaintiff received after his release from jail six months later.[1]

---

[1] Any claim raised by plaintiff regarding the accident itself constitutes at most an allegation of mere negligence against Deputy Stevens, which is not cognizable in a section 1983 action.

4

Far from alleging treatment that shocks the conscience necessary for an Eight Amendment claim, plaintiff's allegations at most support a claim for medical malpractice, which he must bring in state court.

## IV. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED**, this 6th day of May, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

cr